#### OF THE

## STATE OF WASHINGTON,

##### AT THE

# JANUARY TERM, 1890.

[No. 594.  Decided January 15, 1890.]

## J. L. AND E. R. LILIENTHAL v. B. F. WRIGHT.

#### APPEAL — FINAL ORDER — VACATING JUDGMENT.

An order of the district court vacating a judgment on the pleadings rendered during the term in plaintiff's favor, and permitting defendant to file an amended answer, is not a final order from which an appeal may be taken to the supreme court.

*Appeal from District Court, Pierce County.*

Appellants brought an action to recover certain moneys advanced by them to appellee on a contract for the sale of hops, appellee having failed to perform. Appellee's answer failed to deny all the material allegations of the complaint, but, by way of new matter, alleged performance of the contract, and, by way of counter-claim, asked for the balance of the money which would have been due on compliance with the terms of the contract. On the 28th day of February, 1888, appellants moved for judgment on the pleadings, on the ground that the new matter pleaded was available as a defense under the general denial, and the counter-claim was bad, as it was not sufficient in itself as a pleading. On

1—I WASH.

the 2d day of March, 1888, the court granted the motion, and a judgment was entered on the journal in favor of appellants, as prayed for in the complaint.  On said last mentioned day, appellee applied to the court for leave to file an amended answer, and on the same day filed the necessary affidavit of merits, which application was not considered until March 16, 1888, at which time the court granted leave to the appellee to file an amended answer, and also ordered that the judgment in favor of appellant, entered as aforesaid, be vacated and set aside.  It is from this order, made and entered at the same term of court as the judgment aforesaid, that appellant has taken his appeal.

*Judson, Sharpstein & Sullivan,* for appellants.

Against the motion to dismiss the appeal, counsel cited Code Wash. T. § 446; Hayne on New Trial and Appeal, §§ 196, 199; *Stearns v. Marvin,* 3 Cal. 376; *Natoma Water Co. v. Carlin,* 14 Cal. 545; *Natoma Water Co. v. Parker,* 16 Cal. 84; *Livermore v. Campbell,* 52 Cal. 76; *James v. Center,* 53 Cal. 31; *Riddle v. Baker,* 13 Cal. 295, 301.

*Bramson & Parker,* and *Doolittle, Fritchard & Lehmen,* for appellee.

The district court has, at common law, full and complete power and authority, without the aid of any statute, to vacate, set aside or modify any judgment during the term at which the same is entered.

*Goddard v. Ordway,* 11 Otto, 745; *Doss v. Tyack,* 14 How. 297; *Bassett v. U. S.,* 9 Wall. 41; *Ex parte Lange,* 18 Wall. 163; *Day v. Wilbur,* 2 Caines, 258; *Brown v. Edgerton,* 16 N. W. 474; *Kelley v. High,* 1 S. E. Rep. 563; *Owen v. Going,* · P c. Rep. 229.

The ruling of the district court on a motion to vacate a judgment is not a final judgment.  *Hancock v. Stewart,* 1 Wash. T. 523; *Jennings v. Bartels,* 2 Wash. T. 306; *Conway v. United States,* 2 Wash. T. 336; *Fisk v. Henarie,* 13

Pac. Rep. 760; *Kearney v. Snodgrass*, 7 Pac. Rep. 311; *Artman v. West Paint, etc., Co.*, 20 N. W. Rep. 873; *McCul'och v. Dodge*, 8 Kan. 476; *Kermeyer v. Kansas, etc., R. R. Co.*, 18 Kan. 215; *Rutherford v. Fisher*, 4 Dall. 22; *Young v. Grundy*, 6 Cranch, 51; *Clark v. Shelton*, Hemp. 207; *McCullum v. Eager*, 2 How. 61; *Lee v. Kelley*, 15 Pet. 213: *Buffington v. Harvey*, 5 Otto, 99; *Thomas v. Woo'ridge*, 23 Wall. 283; *Railroad Co. v. Swasey*, 23 Wall. 505; *Butterfield v. Usher*, 1 Otto, 246; *Bolton v. McKinley*, 22 Ill. 203; Freeman on Judgments, § 90.

"The action of the court in granting a motion to set aside a judgment is discretionary, and not to be reviewed in any appellate court." Freeman on Judgments (3d ed.), § 90; *Bolton v. McKinley*, 22 Ill. 203.

The opinion of the court was delivered by

ANDERS, C. J. — During the progress of the trial of this cause in the court below, judgment was rendered upon the pleadings in favor of appellants. Subsequently, and at the same term of the district court, the judgment was set aside and defendant permitted to file an amended answer.

From the order of the court below vacating said judgment, the plaintiffs appeal to this court.

Appellee moves to dismiss the appeal mainly on the ground that the order appealed from was not final and hence not appealable.

We are all agreed that the decided weight of authority is in favor of the claim of appellee herein. We think the law applicable to this case is clearly and satisfactorily stated in the case of *Brown v. Edgerton*, 14 Neb. 453 (16 N. W. Rep. 474), cited in the brief of appellee.

The order complained of was in no sense final, and is therefore not reviewable by this court.

The appeal is dismissed with costs.

HOYT, SCOTT and STILES, JJ., concur.

DUNBAR, J., not sitting.