OF THE

STATE OF WASHINGTON,

AT THE

## MAY SESSION, 1895.

[No. 1525.   Decided May 14, 1895.]

D. W. FREEMAN, *Administrator, Appellant,* v. JULIA C. AMBROSE, *Respondent.*

APPEALABLE ORDER—SETTING ASIDE DEFAULT.

An order setting aside a default and giving a defendant leave to file an answer is not appealable.

*Appeal from Superior Court, Whatcom County.*

*Cade & Freeman,* for appellant.
*William W. Hamilton,* for respondent.

The opinion of the court was delivered by

GORDON, J.—From an order setting aside a default and the judgment entered thereupon, and granting respondent leave to file an answer, this appeal is taken. Respondent moves the court to dismiss this appeal for the reason that the court has no jurisdiction. This

court repeatedly held, prior to the passage of the act of March 8, 1893, that an order vacating a judgment was not a final order, and that no appeal would lie therefrom. *Lilienthal v. Wright*, 1 Wash. 1; *Gower v. Gower*, 1 Wash. 16; *Greene v. Williams*, 6 Wash. 260 (33 Pac. 588).

But appellant bases his right upon subd. 6 of § 1 of that act (Laws 1893, p. 119), which provides that an appeal may be taken from any order which " 3. Grants a new trial;" and contends that the order vacating the judgment in this cause in effect " grants a new trial," and is therefore appealable. We are unable to agree with this contention. A new trial is defined by § 399, Code Proc., to be " a re-examination of an issue in the same court, after a trial and decision by a jury, court or referees;" and § 400 prescribes the grounds upon which such new trial may be granted.

We do not think that setting aside a default and giving a defendant leave to file an answer and defend is the granting of a new trial within the meaning of the statute. We think it against the policy of the law to give the act a construction that would multiply appeals and permit litigants to bring their causes here by piecemeal, and especially so since the act itself provides that an appeal from any "final judgment shall also bring up for review any order made in the same action, either before or after the judgment." Laws 1893, p. 119, subd. 1, §1.

The ruling complained of can be reviewed after a final judgment shall have been entered in the cause, and upon an appeal from such judgment a complete and just disposition of the cause can be made. To permit an appeal from an order of this character is to need-lessly delay the progress of litigation, frequently amounting to a denial of justice, and in a vast ma-

jority of cases it would be productive merely of ex-
pense to litigants and the placing of useless and un-
necessary labor upon the court. When, if ever, the
legislature shall authorize it, we will yield implicit
obedience, but we do not think that such was the de-
sign or purpose of the present law upon the subject of
appeals, and the motion to dismiss will be granted.

HOYT, C. J., and DUNBAR, J., concur.