[No. 2056.  Decided February 7, 1896.]

JOHN REITMEIR et al., *Respondents*, v. LIZZIE SIEGMUND *et al.*, *Appellants*.

APPEALABLE ORDER— SETTING ASIDE DEFAULT —DISCRETION OF COURT.

*Semble*, that in an original action instituted for the purpose of having a judgment vacated, an order setting aside a default and giving defendants leave to answer, is not appealable.

Mistake of an attorney in noting the day in which answer must be filed, when a summons is handed him by a client, owing to which mistake judgment by default is taken against his client for want of answer, will warrant the court in setting aside the default.

Appeal from Superior Court, Spokane County.— Hon. JAMES Z. MOORE, Judge. Affirmed.

From the showing made upon the petition for vacation of a default judgment obtained in the case of Lizzie Siegmund *et al.* v. John Reitmeir *et al.*, in the superior court of Spokane county, it appeared that the summons in the action had been handed by

John Reitmeir to his attorney, Adolph Munter, who
by mistake entered upon his calendar a notation for
answer on March 16, instead of March 8, 1895. De-
fault was entered in the cause for want of answer, and
defendants instituted this proceeding to vacate the
judgment by default. From an order setting aside
such default, this appeal is taken.

*John A. Pierce,* and *Franklin W. Knight,* for appel-
lants.

*Adolph Munter,* for respondents.

The opinion of the court was delivered by

HOYT, C. J.— This appeal was from an order which
set aside a default and gave the defendants leave to
answer. Respondents moved to dismiss on the ground
that an appeal would not lie from such order.

We held in *Freeman v. Ambrose,* 12 Wash. 1, (40 Pac.
381), that an order of this kind, when made upon
motion in the original action, was not appealable.
But it is claimed by the appellants that from the
fact that this order was made in an original proceed-
ing instituted for the purpose of having the judgment
vacated, it does not come within the rule announced
in that case. No good reason can be given for the
distinction thus sought to be made. The object is the
same whether the proceeding be by motion in the
original case or by petition in a new one, and the
effect of the order, whether made in one proceeding
or the other is the same.

But it is not necessary for us to decide at this time
whether or not an appeal would lie from the order in
question, for the reason that we are satisfied that the
showing was such that the superior court was entirely

justified in making the order. The facts disclosed by the record are such as not only to show that there was no abuse of discretion in granting the order, but that it would have been a great abuse of such discretion to have denied it.

The order will be affirmed.

DUNBAR, SCOTT, ANDERS and GORDON, JJ., concur.