[No. 2593. Decided July 19, 1897.]

THE WESTERN SECURITY COMPANY, *Appellant*, v. JO-
SEPH LAFLEUR *et al.*, *Defendants*, DOUGLAS GRIFFITTS
*et al.*, *Respondents*.

TRIAL — SERVICE OF NOTICE — JUDGMENT — NOTICE TO ADVERSE PARTY
— VACATION OF JUDGMENT — SUFFICIENCY OF APPLICATION.

Notice of the time a cause will be tried need not be served
upon the adverse party, under Laws 1893, p. 416, § 35, providing
that notice of setting the cause for trial shall be served on the
opposite party three days before any time fixed by the rules of
court for setting causes for trial, and that the cause will be
brought on for trial at such time as the court shall fix.

It is not necessary for the validity of a decree or judgment
that it be served upon any party to the cause, after the same is
filed.

A motion to vacate a decree of foreclosure is not based upon
a meritorious defense, when the mover has been made a party
to foreclosure proceedings on the allegation that he claims some

interest or lien inferior to the mortgage, and his answer offered in support of his motion is merely a denial on information and belief of the material facts in the complaint and an admission that he claims some right or lien in the mortgaged premises without setting up what such interest is.

Appeal from Superior Court, Stevens County.—Hon. JESSE ARTHUR, Judge. Reversed.

*Crow & Williams*, for appellant.

The opinion of the court was delivered by

REAVIS, J.—Appellant brought an action against defendants to foreclose a mortgage executed by defendants Lafleur and wife on real estate in Stevens county. Default was entered against defendants Lafleur and wife, Spokane Falls & Northern Railway Company and Frank C. Sharkey, for failure to appear in the action. Defendant Douglas Griffitts and Nuzum and wife appeared and demurred to the complaint, and afterwards on January 5, 1897, filed their answer *nunc pro tunc* as of date October 20, 1894. On May 28, 1895, appellant served a notice that the cause would be set for trial on the law day appointed by the rules of the superior court for setting causes for trial. The cause was set for trial on December 9, 1895, and was tried and findings of fact and conclusions of law filed by the court in accordance with the allegations of the complaint. There was no appearance of the defendants at the trial. Respondents afterwards objected to signing the decree, but in January, 1896, the decree of foreclosure was entered in conformity to the findings and conclusions. An order of sale was issued on the decree, and the mortgaged premises were sold and purchased by appellant, which received a certificate of sale from the sheriff. On December 29, 1896, respondents served and filed a motion to set aside the judgment on the ground that it was irregular and

improperly granted, and such motion was supported by the affidavit of the attorney. On January 5, 1897, the court entered an order granting the motion and vacating the decree and judgment and setting aside the sale. which had been made. Appellant excepted to this order and appeals therefrom.

The complaint is the usual one in a foreclosure of mortgage. The only mention of the respondents is in one paragraph in which it is stated they claim some interest or lien in or to the mortgaged premises, which lien appellant alleges is inferior and subsequent to the lien of the mortgage. Respondents deny the material facts of the complaint on information and belief and admit that they claim some right or interest or lien in the mortgaged premises. They do not set up what their claim or interest is. The only reason assigned by respondents in their application to the court for vacation of the judgment was that no notice of trial or hearing of said cause was given these defendants, or either of them, or their attorneys, at the time said hearing was had and judgment taken, and that no copy of the said decree or judgment has ever been served upon them. The affidavit in support of this motion states:

" No notice of bringing this cause to trial at the time it was brought to trial and decree rendered was ever served on myself or said defendant, and that no copy of said decree or judgment was ever served upon us or either of us or our attorneys to my knowledge."

It may be said upon this motion and upon the facts stated in the affidavit that the statute (Laws 1893, p. 416, § 35) does not require notice of the time the cause will be tried, but only requires a notice of setting the cause for trial shall be served on the opposite party three days before any time fixed by the rules of the court for setting the cause for trial, and that the case will be brought on for trial

at such time as the court shall fix. It is not necessary for the validity of a decree or judgment that it be served upon any party to the cause after the same is filed; and, again, there was no showing of merits in favor of respondents or any valid defense disclosed in the application to vacate the judgment. This is essential. The order to vacate the judgment was made without any grounds to sustain it. It is, therefore, reversed with directions to the superior court to annul the order of vacation and reinstate the judgment and decree of foreclosure.

SCOTT, C. J., and ANDERS, GORDON and DUNBAR, JJ., concur.