[No. 2611. Decided September 17, 1897.]

## J. F. HART LUMBER COMPANY, *Respondent*, v. WYATT J. RUCKER, *Appellant*.

### APPEALABLE ORDER — VACATING JUDGMENT.

An order of the superior court vacating a judgment of dismissal of an action for failure of plaintiff to appear at the trial, on the ground, as authorized by Code Proc., § 221, that the judgment was obtained against plaintiff through mistake, inadvertence, surprise or excusable neglect, does not constitute an order granting a new trial; and hence is not an appealable order on the ground of being one awarding a new trial.

Appeal from Superior Court, Snohomish County.— Hon. FRANK T. REID, Judge. Appeal dismissed.

*P. C. Sullivan, Crowley & Grosscup, A. F. Burleigh,* and *Bell & Austin,* for appellant.

*Stiles & Stevens, Pritchard & Tillinghast,* and *Coleman & Hart,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—While the above entitled action was pending in the superior court of Snohomish county, and after it had been set for trial, the plaintiff applied to this court for a writ of prohibition directed to the judge of the superior court to prohibit the trial with the jury then summoned to try the cause. An alternative writ was granted by this court, and before the hearing thereof the case was set for trial by the superior court and another jury called. The plaintiff thereupon moved for a continuance of the trial, which motion the superior court overruled. The plaintiff afterwards appeared specially and moved the court to continue the trial of the cause until after the hearing upon the alternative writ of prohibition in this court, which mo-

tion was made upon affidavits filed by the plaintiff and was overruled by the superior court. Thereupon, on the 29th of December, 1896, the case was called for trial, and the plaintiff, after its motion for a continuance was overruled, declined to proceed with the trial, and, defendant appearing by his counsel and being ready to proceed and a jury empaneled, the court directed the jury to find for the defendant, and a verdict in favor of the defendant was thereupon returned by the jury. The court thereupon entered judgment that plaintiff take nothing by its said action, and that the defendant recover from the plaintiff his costs and disbursements. Thereafter plaintiff moved the court to vacate and set aside the judgment of dismissal and of costs in favor of the defendant, and to place the cause on the trial docket of the court for trial in due course of law.

Some nine grounds were assigned for this motion, which reasons substantially went to the improper setting of the cause for trial by the superior court, and that the court improperly refused to continue the cause for trial. The defendant made a counter motion to dismiss the motion of plaintiff to vacate and set aside the judgment for the reason that the motion was not verified as required by § 1395 of vol. 2, Hill's Code, and that no summons was served upon defendant or issued in compliance with the provisions of § 1396, vol. 2 of Hill's Code. On the 1st of March the motion of defendant was heard and overruled, on the ground that the plaintiff stated it was proceeding under § 221 of 2, Hill's Code. On the 22d of March, 1897, plaintiff's motion to vacate and set aside the judgment of dismissal was heard, and it was ordered that the motion be granted and the judgment entered on the 29th of December, 1896, dismissing the action and adjudging costs in favor of the defendant against plaintiff, be vacated and

set aside and held for naught, and that the cause be placed on the trial docket of the superior court. From this last order, vacating the judgment of dismissal and re-instating the cause on the docket, the defendant appeals to this court.

Plaintiff moves to dismiss the appeal on the ground that it is not authorized by statute. The defendant insists that it is an appeal from an order granting a new trial; plaintiff, that the order merely vacated a judgment of non-suit or dismissal obtained against plaintiff through mistake, inadvertence, surprise and excusable neglect. Is the order one granting a new trial? Was there a trial? "A trial is the judicial examination of the issues between the parties, whether they are issues of law or of fact." Laws 1893, p. 416; 2 Hill's Code, § 334. "An issue of law arises upon a demurrer to the complaint, answer or reply, or to some part thereof." "An issue of fact arises on a material allegation in the complaint controverted by the answer, or upon new matter or a set-off controverted by the reply, or upon new matter in the reply." An issue of neither law nor fact was heard in the superior court when the order or judgment of dismissal was made, and while the court directed the jury to return a verdict for the defendant, it is evident that there was no issue which could be submitted to the jury. Sec. 409, 2 Hill's Code, subd. 3, authorizes the court to dismiss the action when the plaintiff fails to appear on trial and the defendant asks for a dismissal. The superior court did nothing more in the case than enter a judgment of non-suit or dismissal. Such judgment was not a bar to another action for the same cause. The direction to the jury to return a verdict for the defendant was of no further effect than the action of the court. The subsequent setting aside of the judgment was not the granting of a new trial, because a new trial is defined in § 399, 2 Hill's Code, as " a re-examination of an issue in the same

court after a trial and decision by a jury, court or referee."

We do not think an appeal lies from the order before us, and the appeal is dismissed.

ANDERS and DUNBAR, JJ., concur.