[No. 3180.  Decided February 7, 1899.]

HIBBARD, SPENCER, BARTLETT & Co., *Appellant*, v. RICH-
ARD DELANTY, *Respondent*.

APPEAL—JURISDICTIONAL   REQUIREMENTS—APPEALABLE   ORDER—VA-
CATION OF JUDGMENT—DENIAL OF MOTION TO SET ASIDE.

An order vacating a judgment must be attacked on the hear-
ing of the motion therefor, or on appeal from the order, and
cannot be questioned later by a motion to set it aside; hence, an
order made denying the latter motion is not appealable.

Under the statutes governing appeals, the provisions requir-
ing that an appeal from an order that is not a final judgment be
taken within fifteen days, that notice of appeal be filed with the
clerk within five days after its service, and that the appeal bond
be filed within five days after the service of the notice, are juris-
dictional and must be strictly complied with.

Appeal from Superior Court, Island County.—Hon.
JAMES G. McCLINTON, Judge.  Appeal dismissed.

*W. F. Hays,* for appellant.

*A. R. Coleman,* for respondent.

PER CURIAM.—On the 2d day of December, 1896, in
the superior court of the state of Washington for Island
county, the appellant obtained a money judgment against
the respondent, entered on the verdict of a jury.   On the
11th day of February, 1898, upon the application of re-
spondent, and after notice to appellant, the superior court
vacated and set aside the verdict and judgment and grant-
ed a new trial of the action.   On the 7th day of April,
1898, the appellant filed a written motion asking the court
to vacate and set aside its order of February 11, 1898
(being the order vacating and setting aside the verdict and
judgment and granting a new trial).   This motion was
heard and denied by the court on the 10th day of May,

1898.    On the last date the appellant served upon respond-
ent a notice of appeal from the order of February 11th,
and on the 13th of May executed a bond to perfect the
appeal, which bond was filed with the clerk of the court
of Island county on the 17th day of the same month.    The
notice of appeal was not filed with the clerk, but appears
here by stipulation of the parties.    On the 4th day of
August, 1898, the appellant served another notice of ap-
peal in which it is recited that an appeal is taken from the
order of February 11, 1898, and also the order of the 10th
day of May, 1898.    No appeal bond accompanied this
latter notice.    The respondent moves to dismiss the appeal
for want of jurisdiction in this court.

The order refusing to set aside the order vacating the
judgment is not an appealable order.    Any reason that
could be shown for setting aside the order could have been
and should have been shown in opposition to the applica-
tion made by the respondent to vacate the judgment.
Having had due notice of that application and having
failed to satisfy the lower court on the hearing that no
sufficient reason existed for vacating the judgment, the
appellant was precluded from further questioning the suf-
ficiency of the order in that court.    His remedy was by
appeal to this court.

The attempted appeal from the order vacating the judg-
ment was insufficient for several reasons: the notice was
not filed with the clerk of the court within five days from
the time it was served on respondent (Bal. Code, § 6503,
Laws 1893, p. 120, § 4); the bond given to perfect the
appeal was not filed with the clerk of the court within five
days from the time the notice of appeal was served (Bal.
Code, §§ 6503, 6505, Laws 1893, p. 120, §§ 4, 6); the
order was not a final judgment; it was made at the time
of the hearing and an appeal therefrom must be taken
within fifteen days from the time of its entry (Bal. Code,

§§ 6500, 6502, Laws 1893, p. 119, § 1, Laws 1895, p. 81, § 1). This court has repeatedly held these provisions of the law jurisdictional, and a strict compliance with them necessary in order to perfect an appeal.

The motion to dismiss is granted.