[No. 3990.   Decided November 15, 1901.]

GUSTAVE A. NELSON, *Appellant,* v. D. T. DENNY *et al.,*

*Respondents.*

APPEALABLE ORDER — VACATING JUDGMENT.

An order vacating a judgment is not appealable under any of the provisions of Bal. Code, § 6500, authorizing the right of appeal (Fullerton and Mount, JJ., dissent.)

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge.   Appeal dismissed.

*John C. Whitlock,* for appellant.

*G. Ward Kemp,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This is an appeal from an order vacating a judgment, and respondents move to dismiss the appeal on the ground that such order is not appealable.   We decided in *Lilienthal v. Wright,* 1 Wash. 1 (23 Pac. 801), and *Gower v. Gower,* 1 Wash. 16 (24 Pac. 29), that an order of the district court vacating a judgment was not subject to review in the supreme court, and therefore not appealable.   These decisions were, however, prior to the law of 1893, which provides (Laws 1893, p. 119, § 1, subd. 1), that an appeal may be taken from an order granting a new trial.   It is suggested that an order granting a new trial is in substance the same as an order vacating a judgment, but, however that may be, since the passage of the law of 1893, *supra,* we held in *Greene v. Williams,* 6 Wash. 260 (33 Pac. 588), that an order vacating a judgment was not appealable, in that case noticing the change of the law since the decision in *Lilienthal v. Wright* and *Gower v. Gower, supra;* and, indeed, the fact

that the later law had authorized an appeal from an order granting a new trial was one of the reasons assigned for holding that the order to vacate was not appealable. It has been suggested that this court has several times entertained appeals from orders vacating judgment, and this is true; but in those cases, with but one exception, the question was not raised by the respondents and the cases were disposed of on their merits in favor of the respondents. So that it was not necessary to pass upon the question of whether or not the order was appealable, even if it had been called to the attention of the court. In *Williams v. Breen,* 25 Wash. 666 (66 Pac. 103), however, the exception above referred to, which was an appeal from an order vacating a judgment, the respondent moved to dismiss the appeal for the reason that the order was not appealable. This motion was made orally, and was not decided, the court, as is its custom, taking the motion with the case, and hearing the argument on the merits. This case was also decided in favor of the respondent and the motion was not noticed in the opinion, it being a common practice of this court to decide cases upon their merits when it is not necessary to discuss motions to dismiss, and it is not necessary when the case is decided upon its merits in favor of the respondent. But in later cases this court has spoken with no uncertain sound on this question. In *Freeman v. Ambrose,* 12 Wash. 1 (40 Pac. 381), it was held that an order setting aside a default and giving a defendant leave to file an answer was not appealable, and the new law of 1893 was there discussed as follows:

"But appellant bases his right upon subd. 6 of § 1 of that act (Laws 1893, p. 119), which provides that an appeal may be taken from any order which, '3. Grants a new trial;' and contends that the order vacating the judgment in this cause in effect 'grants a new trial,' and is

therefore appealable.  We are unable to agree with this contention.  A new trial is defined by § 399, Code Proc., to be 'a re-examination of an issue in the same court, after a trial and decision by a jury, court or referees;' and § 400 prescribes the grounds upon which such new trial may be granted.  We do not think that setting aside a default and giving a defendant leave to file an answer and defend is the granting of a new trial within the meaning of the statute.  We think it against the policy of the law to give the act a construction that would multiply appeals and permit litigants to bring their causes here by piecemeal, and especially so since the act itself provides that an appeal from any 'final judgment shall also bring up for review any order made in the same action, either before or after the judgment.'  Laws 1893, p. 119, subd. 1, § 1.  The ruling complained of can be reviewed after a final judgment shall have been entered in the cause, and upon an appeal from such judgment a complete and just disposition of the case can be made.  To permit  an appeal from an order of this character is to needlessly delay the progress of litigation, frequently amounting to a denial of justice, and in a vast majority of cases it would be productive merely of expense to litigants and the placing of useless and unnecessary labor upon the court."

To the same effect is *Reitmeir v. Siegmund,* 13 Wash. 624 (43 Pac. 878).  And in *Hart Lumber Co. v. Rucker,* 17 Wash. 600 (50 Pac. 484), a case which was tried by eminent counsel, and in which every point was tenaciously contested, it was again decided that an order of the superior court vacating a judgment was not appealable. This being a question of practice, and the court having laid down the rule in so many cases, we think it would be unwise to disturb the decisions heretofore made.

The motion will be sustained, and the appeal dismissed.

REAVIS, C. J., and ANDERS and HADLEY, JJ., concur.

WHITE, J., not sitting.

FULLERTON, J., (dissenting).—I am unable to agree with the conclusion reached by the court in this case. If I read the opinion aright, it holds that an order vacating and setting aside a judgment can, under no circumstances or conditions, be reviewed upon a direct appeal from the order, no matter what the effect of such order may be upon the rights of the parties to the judgment. This, in my opinion, violates not only the plain provisions of the statute, but goes beyond any decision of this court rendered since the present appeal statute went into effect, and is directly contrary to its later decisions. The question presented is, to my mind, something more than a mere question of practice. It involves the right of appeal, and I feel justified for this reason in stating the reasons for my dissent somewhat at length.

Taking up the statute first, I think orders of this kind are appealable under subd. 7 of § 6500 of the Code, which permits an appeal "from any final order made after judgment, which affects a substantial right." That an order vacating a judgment is an order made after judgment which affects a substantial right, is self-evident. Is it a *final* order within the meaning of this clause of the statute? I think it is. It is the termination of the proceedings instituted to set aside the judgment. We have repeatedly said that such proceedings are in their nature independent; that is, not a proceeding in the main action. Such a proceeding can be instituted, whether by motion or petition, only after notice to the adverse party. It may be begun at any time within one year after the judgment is entered. It can be, and usually is, predicated on matters *dehors* the record. It is tried as an independent proceeding on either oral or written evidence. A judgment entered in any form of action, whether of legal or equitable cognizance, and whether entered by default

or after the most expensive and elaborate trial, can be vacated under the procedure. In fact, the proceeding is in all of its essentials a trial of an issue of fact and law, and it seems to me idle to say that an order entered therein is not a final order within the meaning of the statute. If it is so, it is appealable. Again, the right to have such an order reviewed is so important that it ought not to be denied on any doubtful construction of the statute. It is no idle ceremony to try an involved and hotly contested action. When a litigant has once done this, and has been successful in obtaining a judgment, he ought not to be driven to retry his cause before he can review an order vacating that judgment, unless the statute permits of no other construction.

But if I am mistaken as to the proper construction of subd. 7, certainly subd. 6 of the same section permits appeals from certain orders of this character. That subdivision allows an appeal from an order which affects a substantial right, and which either (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action; or (3) grants a new trial. If, therefore, an order vacating a judgment has the effect of doing any one of these things, it is appealable. The case before us is illustrative of the necessity of adhering to this principle. It is a proceeding to foreclose a tax certificate. The county records showed at the time the proceeding was begun that the respondent Denny was the only person who had an interest in the property covered by the certificate. He was the only party made defendant in the proceeding, unless the designation in the title of the action, "all persons unknown" could be said to include others. The summons was attempted to be served upon Denny by leaving a copy thereof at his usual place of abode. No other service was

made. Judgment went by default. More than ninety days thereafter, Denny, with others, who claimed an interest in the land by virtue of certain unrecorded instruments, appeared specially, and without "submitting to the jurisdiction of the court" moved to vacate the judgment for the reason that no service had been had on any of the necessary parties defendant. Affidavits and counter-affidavits were filed, and a hearing had on the motion, resulting in an order vacating and setting aside the judgment. The moving parties at no time appeared generally, nor did the trial court require them to so appear as a condition precedent to granting the motion. Under the statute relating to the commencement of actions, as construed by this court in *Deming Investment Co. v. Ely*, 21 Wash. 102 (57 Pac. 353), the order had the effect of discontinuing the action, because more than ninety days had elapsed since the filing of the complaint, and none of the parties to the action had, in the opinion of the trial court, been served with summons. If this order of the court cannot be reviewed upon a direct appeal therefrom, it is plain from the foregoing statement that it can never be reviewed at all. It would seem, then, that all appeals from orders vacating judgments should not be dismissed, even though some such orders may not be appealable; but that the court should examine into the facts of each case separately, and, if it found that the order had the effect of doing any one of the things mentioned in subd. 6 from which an appeal is allowed, entertain the appeal, and determine the question on its merits. This is no new doctrine. On the contrary, this court has in two separate cases announced this principle. In *Embree v. McLennan*, 18 Wash. 651 (52 Pac. 241), it was held that an order of the trial court quashing a summons was appealable when, in effect, it determines the action or pro-

ceeding and prevents a final judgment therein.   So it was held in *Deming Investment Co. v. Ely, supra.*   In that case this language was used:

"The various appealable orders are stated in Bal. Code, § 6500, and it is there declared that an appeal lies 'from any order affecting a substantial right in a civil action or proceeding which in effect determines the action or proceeding and prevents a final judgment therein.'  In *Embree v. McLennan,* 18 Wash. 651 (52 Pac. 241), it was determined that an order of the court quashing a summons is appealable when, in effect, it determines the action or proceeding and prevents a final judgment therein.   The court will look at the substance of such a motion, and its effect, to ascertain whether the order is appealable, and, if it in effect determines the action, it is appealable."

So far I have treated the question as one of statutory construction simply.   I am aware, however, that the decision is rested by the majority solely upon the prior decisions of this court.   Passing to the cases relied on, the first three cited in the opinion can be dismissed, I think, as having no bearing upon the question.   They were decided under a statute which, while dissimilar to the one now in force in other respects, did not contain the provision found in subd. 7 of the present one.   True, *Greene v. Williams,* 6 Wash. 260 (33 Pac. 588), is seemingly cited as passing upon the present statute.   If this be what was intended by the reference to that case, I think my brothers must have misread it.   It was in fact decided upon the prior statute.   A most cursory examination will show this to be so.   It was decided on April 26, 1893, while the act of 1893 (the present appeal statute), as it had no emergency clause, did not go into effect until some time in the month of June following.   The statute of 1893 was referred to in the opinion in that case, as I read it, not for the purpose of showing that an order

vacating a judgment was not appealable under that statute, but for the purpose of showing that the necessity of changing their former holdings to the effect that orders vacating judgments were not appealable was not so urgent as a certain other amendment referred to had made it, because the new statute, which would shortly go into effect, had overcome the difficulty,—indicating inferentially, at least, that the court's former holdings were unsatisfactory. In passing it may be well to mention that the court itself did not seem to treat the cases cited from the first of Washington as conclusive upon the question even under the old statute. In *Northern Pacific, etc., R. R. Co. v. Black,* 3 Wash. 327 (28 Pac. 538), concurred in by the full court, the right of appeal from an order vacating a judgment was referred to as still an open question; and in *Marston v. Humes,* 3 Wash. 267 (28 Pac. 520), a proceeding brought to review an order vacating a judgment, a grave constitutional question was determined. When we remember the hesitancy with which this court has always approached a question of this character, it is hardly conceivable that it would determine such a question in a case where there was the least doubt that the subject-matter of the action in which it arose was not before the court for review. Of the other cases cited, *Reitmeir v. Siegmund,* 13 Wash. 624 (43 Pac. 878), seems to me to be with the conclusion that an order vacating a judgment is appealable, rather than against it. That was an appeal from an order vacating a judgment in which a motion to dismiss was made solely on the ground that such an order was not appealable. The court not only did not dismiss the appeal, but entertained it, and decided the question on its merits. True, the right of appeal from such an order was discussed somewhat, but the most that can be said of the case is that the question was left undecided.

This leaves two cases only which can be said to support the court's conclusion; namely, *Freeman v. Ambrose,* 12 Wash. 1 (40 Pac. 381), and *Hart Lumber Co. v. Rucker,* 17 Wash. 600 (50 Pac. 484). The first of these was an appeal from an order setting aside a default judgment and permitting the defendant to come in and defend; the second was an appeal from an order setting aside a default judgment entered after issue joined, and placing the case on the calendar of the court for trial on its merits. In neither of them does the question whether the order was appealable under subd. 7 of § 6500 seem to have been raised. Certain it is that such question was not directly determined. But, giving them the weight of the latest adjudication of this court, they are not authority for the broad proposition that the court is pleased to announce in this case, viz., that no such orders are appealable.

Before passing to the cases which seem to me to be contrary to the cases of *Freeman v. Ambrose* and *Hart Lumber Co. v. Rucker,* I wish to advert to another matter in the opinion of the majority. I am not impressed with the argument that a case decided upon its merits is authority on the question whether the appeal is before the court when decided one way, but not such authority when decided the other. It seems to me that the question of the right and power of the court to determine the question presented is involved in all cases, no matter how decided. But, if there be a distinction in this respect, my brothers are mistaken in assuming that all appeals from orders vacating judgments decided upon their merits were decided in favor of the respondent. Such was not the fact, if I correctly read the case, in *Western Security Co. v. Lafleur,* 17 Wash. 406 (49 Pac. 1061). That was an appeal from an order vacating a judgment and decree of

foreclosure. The court not only entertained the appeal, but reversed the order, remanding the case to the lower court, with instructions to annul the order of vacation and reinstate the judgment and decree.

Turning now to the cases which seem to me to oppose the decision in this case, passing by the several cases where such appeals have been entertained and the cases decided upon their merits in favor of the respondent, the one most nearly in point is *Hibbard v. Delanty,* 20 Wash. 539 (56 Pac. 34). In that case it appeared that the trial court had vacated and set aside a judgment on the application of the judgment debtor. Thereafter the plaintiff in the action sought by motion in the trial court to have the order of vacation set aside and the judgment reinstated. The court refused to grant the motion, whereupon he appealed to this court, attempting to bring up both orders. This appeal was dismissed upon motion in this court on the ground, among others, that the latter was not appealable, and that the remedy of the party against the first order was by a direct appeal from it alone. Passing upon the motion it was said:

"The order refusing to set aside the order vacating the judgment is not an appealable order. Any reason that could be shown for setting aside the order could have been and should have been shown in opposition to the application made by the respondent to vacate the judgment. Having had due notice of that application and having failed to satisfy the lower court on the hearing that no sufficient reason existed for vacating the judgment, the appellant was precluded from further questioning the sufficiency of the order in that court. His remedy was by appeal to this court."

The court then proceeded to show why the appeal did not bring up the order vacating the judgment. This case seems to me to be directly opposed to *Freeman v. Ambrose,*

and *Hart Lumber Co. v. Rucker,* cited by the majority, and, being a later expression of opinion on the question by this court, ought to be allowed to control, unless there is some grave necessity for returning to the other rule. Other late cases less directly on the question, but which in principle support this case, are *Chezum v. Claypool,* 22 Wash. 498 (61 Pac. 157, 79 Am. St. Rep. 955) ; *Mc-Cord v. McCord,* 24 Wash. 529 (64 Pac. 748), and *Wilson v. Dry Dock Co., ante,* p. 297 (66 Pac. 384). In the first of these it was held that an order made in a proceeding under the statute relating to the vacation of judgments is *res judicata* against any subsequent attack upon the judgment, and that the remedy from the order entered in such a proceeding is by appeal to this court. In deciding the case the court used this language:

"It is enough to know that the proceeding afforded by the statute for vacating or modifying judgments is not a summary one, that its provisions are ample to enable justice to be done, and that an appeal is allowed to this court from the order entered therein."

In the second one of the questions was whether a second application to vacate a judgment could be presented after the dismissal of the first. Passing upon this question this language was used: ·

"A very earnest appeal in behalf of the petition of the appellant is made by the counsel in their brief, and it is insisted that he has never had his day in court, and that a fraud has been perpetrated upon him by reason of the proceedings. But we are inclined to think that appellant has lost his rights in this action, if he ever had any. His petition, in which presumably was set out all the defense to the action that he had, was determined against him by the court on April 24, 1900. The ruling of the court in this respect was appealable. It is said by this court in *Chezum v. Claypool,* 22 Wash. 498 (61 Pac. 157, 79 Am. St. Rep. 955), that where the statutes afford a full, com-

22—26 WASH.

plete, and adequate remedy against an illegal judgment, by authorizing the aggrieved party to proceed by motion to vacate and set aside, and permitting an appeal from any order entered upon such motion, one who has attacked a judgment by motion to vacate, and has failed to prosecute an appeal from the denial of his motion, cannot subsequently maintain an action to cancel the judgment, since the question of the validity of the judgment is *res judicata*. The action here is, in effect, the same as it was in that case. The remedy was by appeal from the order rendered on the 24th day of April, 1900, instead of by another motion based upon practically the same application."

The third case is similar in effect to the second. These cases, it is true, had reference to orders refusing to vacate judgments. But, if such orders are appealable, authority therefor must be found in subd. 7 of § 6500, of the Code before referred to. This subdivision is general in its terms, and, if it permits an appeal from an order refusing to vacate a judgment, I see no reason why it should not permit an appeal from an order granting such vacation.

The motion should be denied.

Mount, J., concurs in dissenting opinion.