[No. 4588.   Decided July 2, 1903.]

W. L. THOMPSON, *Appellant,* v. W. D. ROBBINS, *Respondent.*

SUMMONS — SERVICE BY PUBLICATION — SUFFICIENCY.

Where the statute regulating service of summons by publication provides that such summons shall direct the defendant "to appear within sixty days after the date of the first publication of the summons, exclusive of the day of said first publication, and defend the action," a summons which requires the defendant "to appear within sixty days after the service of this summons upon you, exclusive of the day of service, and defend this action," would not confer jurisdiction upon the court to render judgment.

SAME — SETTING ASIDE DEFAULT — APPEALABLE ORDER.

Under Bal. Code, §4880, which provides that, if the summons is not served personally on the defendant in certain cases, he may be allowed to defend within one year after the rendition of judgment, an order setting aside a default and vacating a judgment entered in such a case would not be an appealable order, since such action is not the grant of a new trial, which is made appealable under subd. 6 of Bal. Code, §6500, nor can the right of appeal be claimed under subd. 7 of the same section authorizing appeal from any final order made after judgment, inasmuch as a void judgment could not give the appellant any substantial right capable of being affected by the action of the court.

Appeal from Superior Court, Asotin County.    Hon. CHESTER F. MILLER, Judge.    Appeal dismissed.

*Sturdevant & Bailey,* for appellant.

*Charles L. McDonald,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—This was an application under the revenue act of March 15, 1897, to the superior court of Asotin county, for a judgment foreclosing a lien for taxes on certain described lands situate in said county and belonging to the respondent. The plaintiff (appellant here) based his right of action on certain delinquent tax certificates issued by the county treasurer in accordance with the statute. The application was duly filed, and summons issued and placed in the hands of the sheriff for service, who stated in his return that the defendant could not be found in said county. An affidavit was then filed setting forth the facts necessary to authorize the service of the summons by publication, and thereupon the summons was published six times in the Asotin Sentinel, a weekly newspaper published in said county, the date of the first publication being February 23, 1901, and of the last publication March 30, 1901. No appearance having been made in the proceeding by or on behalf of the defendant, the court, on April 8, 1901, entered a decree foreclosing the lien, and directing a sale of the land for the payment of the taxes levied thereon, together with the statutory penalty, interest, and costs. Thereafter, on April 27, 1901, the lands described in the complaint were sold by the county treasurer, in pursuance of the order of the court, and in the manner provided by law, to the plaintiff herein, and afterwards the said treasurer duly executed and delivered a deed to the plaintiff and appellant. Subsequently, and within one year after the rendition of the decree of foreclosure, the defendant, Robbins, filed in the superior court of Asotin county, and served on the attorney for plaintiff, a motion to open the default judgment and to be permitted to answer

and defend the action.    This motion was made on the
ground that no summons had been served on the defendant,
and on the further ground that he had a good and valid
defense to the action, said motion being based on the rec-
ords and files in the cause and the affidavit of defendant.
The plaintiff demurred to the motion on the ground that it
did not state facts sufficient to entitle the defendant to the
relief prayed for.    The demurrer was overruled, and the
motion sustained.    The ruling of the court in sustaining
the defendant's motion seems to have been predicated upon
the fact, appearing of record, that the judgment and de-
cree of foreclosure was rendered and filed before the ex-
piration of the time within which the defendant had the
right to appear and answer.    The summons which was
published in the foreclosure proceeding required the de-
fendant to "appear within sixty days after the service of
this summons upon you, exclusive of the day of service,
and defend this action or pay the amount due, together
with the costs," etc.    This summons was not in accord-
ance with the statute, and its publication did not confer
upon the court jurisdiction to render the judgment which
was entered in the foreclosure proceeding.    And the judg-
ment was therefore not merely irregular, but void.

The revenue act above mentioned, upon which this pro-
ceeding was based, as well as the general statute, provides
that a summons to be served by publication shall direct
the owner of the property subject to the tax lien "to ap-
pear within sixty days after the date of the first publica-
tion of the summons, exclusive of the day of said first pub-
lication, and defend the action or pay the amount due."
Bal. Code, § 1751; Id., § 4877.    It will be observed that
the summons prescribed by law fixes a certain time for the
appearance of the defendant, whereas the summons as pub-

lished in this case designated the time within which the defendant was required to appear and "defend the action or pay the amount due" as sixty days after the service of the summons upon him, thus leaving it indefinite and uncertain as to the time within which he was required to enter his appearance in the proceeding. It is the general, if not the universal, rule that "the right to serve process by publication being of purely statutory creation and in derogation of the common law, the statutes authorizing such service must be strictly pursued in order to confer jurisdiction upon the court." 17 Enc. Pl. & Pr. 45.

The respondent moves to dismiss the appeal for the reason that the order complained of is not subject to review by this court. This motion must be sustained. The statute (Bal. Code, § 4880) provides that if the summons is not served personally on the defendant in certain cases, of which this is one, the defendant may be allowed to defend after judgment, and within one year after the rendition of such judgment, on such terms as may be just; and the order of the court setting aside the default and vacating the judgment entered thereon, and granting the respondent leave to file an answer, was clearly authorized by that section of the statute. Indeed, neither the power of the court in the premises, nor the method pursued by the respondent to accomplish the object sought by him, is questioned by the learned counsel for appellant, their contention being that the service of the summons was irregular, but not void, and that no sufficient showing was made by respondent to warrant the action of the court. But these are all matters pertaining to the merits of the proceeding, and a discussion of them is unnecessary in view of our conclusion as to the merits of the motion to dismiss the appeal. No reply brief has been filed, and no argument has been made by appellant in this court upon the motion under consideration.

In *Freeman v. Ambrose,* 12 Wash. 1 (40 Pac. 381), the superior court, as in this case, set aside a default and the judgment entered thereon, and granted the defendant leave to file an answer. The plaintiff appealed, and, in response to a motion to dismiss, insisted that the order of the lower court in effect granted a new trial, and was therefore appealable under subd. 6 of § 1 of the act (Laws 1893, p. 119; Bal. Code, § 6500) which provides that an appeal may be taken from an order which grants a new trial. But this court there held, after quoting the statute defining a new trial, that setting aside a default judgment and giving a defendant leave to file an answer and defend is not the granting of a new trial within the meaning of the statute. That case is strictly in point here, and the rule there announced was approved in *Reitmeir v. Seigmund,* 13 Wash. 624 (43 Pac. 878), and several subsequent cases. It may be suggested, however, that, in any event, the order in question is appealable under and by virtue of subd. 7 of the above mentioned section of the statute, which provides that an appeal may be taken "from any final order made after judgment, which affects a substantial right." But, in our opinion, that provision is not applicable to the case at bar. No substantial right, or any right, of the appellant was affected by the order appealed from, for the simple reason that no right can be based upon a judgment entered without jurisdiction of the person of the defendant, or, in other words, where the defendant has not been properly served with a valid summons.

The appeal is dismissed, and the cause will proceed to trial in accordance with the statute governing such proceedings.

FULLERTON, C. J., and MOUNT, HADLEY and DUNBAR, JJ., concur.