[No. 5032.    Decided March 8, 1904.]

THE STATE OF WASHINGTON, *on the Relation of Pluma M. Harris, Plaintiff*, v. SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

CERTIORARI—TO REVIEW ORDER VACATING JUDGMENT—ADEQUATE REMEDY BY APPEAL. A writ of review will not be granted to review an order vacating a default judgment in a tax lien foreclosure and allowing the defendant to appear and defend where no emergency is shown, since there is an adequate remedy by appeal from the final judgment, and it is against the policy of the law to try cases by piecemeal.

Application filed in the supreme court, January 12, 1904, for a writ of review to review an order of the

[1]Reported in 75 Pac. 809.

superior court for King county, Tallman, J., entered December 11, 1903, vacating a default judgment in a tax lien foreclosure. Writ denied.

*E. F. Kienstra,* for relator.

*R. R. George* and *G. E. De Steiguer,* for respondent.

MOUNT, J.—Original application for a writ of review. It appears from the affidavit of the petitioner that, in July, 1903, the relator, Pluma M. Harris, brought an action in the superior court of King county against William Levy and Jane Doe Levy, whose true name was unknown, to forclose certain certificates of delinquent taxes. Summons was served upon defendants by publication. On October 7, 1903, a judgment was entered by default, foreclosing the certificates for the amount due. Subsequently the real estate upon which the taxes were a lien was sold and bid in by the petitioner, and a deed issued. Thereafter the defendants in said action filed a motion to vacate and set aside the judgment. This motion was granted on the 11th day of December, 1903, and the judgment vacated, and defendants permitted to defend the action. The plaintiff, relator here, now prays for a writ of review in this court to review the order vacating the judgment.

The writ of review will only be granted where there is no appeal and no plain, speedy, and adequate remedy at law. Section 5741, Bal. Code. It is true there is no appeal from an order vacating a judgment. *Nelson v. Denny,* 26 Wash. 327, 67 Pac. 78. But there is in this case a plain and adequate remedy by appeal from the final judgment which may be entered in the case, in which appeal the order herein complained of may be reviewed. *Freeman v. Ambrose,* 12 Wash. 1, 40 Pac. 381. It is not the policy of the law to try cases here by piecemeal.

Every order which is not appealable is not the subject of a writ of review. No emergency is shown why the questions, presented for review by the petition of relator, may not as well and effectively be determined after final judgment in the case as at this time. Furthermore, if plaintiffs are successful at the final trial, there will be no necessity for a review of the questions now presented. The fact that the remedy by appeal is not as speedy as by writ of review is not, of itself, a sufficient reason for granting the writ. When no rights will be lost by delay, time will not be considered, unless the delay renders other remedies inadequate.

The writ is therefore denied.

HADLEY, ANDERS, and DUNBAR, JJ., concur.