[No. 6155. Decided September 28, 1906.]

*In the Matter of the Estate of* HENRY P. SINCLAIRE, *Deceased.*

CHARLES WATSON, *Appellant,* v. HENRY P. SINCLAIRE, JUNIOR, *et al., Respondents.*[1]

APPEAL—FINAL ORDERS—VACATION OF EX PARTE ORDER. Upon an application to reappoint a trustee, who alleged that he had been induced to resign through fraud, the vacation of an *ex parte* order of reappointment, which could only be made on notice, is not appealable as a final order, since it does not dispose of the application.

Motion to dismiss an appeal from an order of the superior court for King county, Frater, J., entered September 13, 1905, after a hearing upon affidavits, vacating an order appointing a trustee.   Granted.

*E. H. Guie, J. J. McCafferty, and W. A. Keene,* for appellant.

*Peters & Powell,* for respondents.

MOUNT, C. J.—This appeal is taken from an order vacating an order appointing the appellant trustee of certain real estate in King county. It appears that Henry P. Sinclaire died in New York state, leaving a will by which the deceased devised certain real property in Seattle to Henry P. Sinclaire,

[1]Reported in 86 Pac. 1117.

Junior, William Sinclaire and Charles Watson, in trust for a stated purpose. The will was probated in New York and subsequently in this state. Thereafter the trustees accepted the trust and entered upon their duties. Thereupon the said Charles Watson resigned his trust and subsequently filed a petition in the superior court of King county, alleging, among other things, that he had been induced by fraud to resign his trust, and prayed to be reappointed as a trustee of the estate. This petition was not served upon any person. The court made an order appointing the said Charles Watson trustee, as prayed. Thereafter the other trustees appeared and moved the court to vacate the order appointing said Watson trustee, "upon the ground that said prior order was made without any summons, process or notice of any kind upon these moving parties or either of them, or upon any person or persons interested in the estate of Henry P. Sinclaire, deceased, and that this court has no jurisdiction to make said order." Upon a hearing based upon affidavits, the court granted the motion and vacated the order of appointment.

Respondents move to dismiss the appeal, for the reason that the order appealed from is not a final order and therefore not appealable. This motion must be sustained. The order appealed from did not dismiss the appellant's application and thereby finally dispose of the same. It simply set aside an order made *ex parte* and without notice, in a case where notice should have been given because of allegations of fraud. It left the application still pending and the truth of the allegations thereof undetermined. The effect was the same as where a judgment is vacated. We have held such orders not final and not appealable. *Nelson v. Denny*, 26 Wash. 327, 67 Pac. 78; *Metler v. Metler*, 28 Wash. 734, 69 Pac. 9; *State ex rel. Harris v. Superior Court*, 34 Wash. 248, 75 Pac. 809.

The appeal is therefore dismissed.

ROOT, CROW, DUNBAR, HADLEY, and RUDKIN, JJ., concur.