(No. 7064. April 27, 1943.)

D. J. SWEENEY, Appellant, v. AMERICAN NATIONAL BANK and F. W. HANMER, Administrator, Respondents.

[136 Pac. (2d) 973.]

Alvin Denman for appellant.

Fred H. Snook and E. H. Casterlin for respondents.

BUDGE, J.—Appellant brought this action originally against the American National Bank, Charles F. Hanmer, and Mata Hanmer, his wife, in Bonneville County, to obtain a judgment clarifying his rights under a written building contract, and to obtain a money judgment against the Hanmers for services rendered and labor and materials furnished pursuant to said contract. To the complaint the Hanmers filed a demurrer, together with a motion, demand and affidavit of merits for change of venue.

The trial court entered an order to the effect that (1) the complaint stated "but one cause of action, to-wit, * * * for a declaratory judgment" and (2) all allegations of an oral contract and of a balance due, "in so far as they go beyond what may be necessary to show the existence of a bona fide conflict," were to be disregarded and (3) that the motion for change of venue be denied and the demurrer overruled.

An answer was then filed by all the defendants to the issues respecting declaratory judgment. The cause was heard and judgment entered; from which judgment Sweeney, appellant here, appealed.

The judgment was reversed with instructions to allow defendants to amend their answer, putting in issue the amount due and to grant a trial of that issue by jury, unless waived, to determine the amount due. (*Sweeney v. American National Bank*, 62 Ida. 544, 115 P. (2d) 109.)

On the first appeal it was held that the complaint tendered two issues, first, the correct construction of the contract which involved all of the parties named herein, and which issue was fully determined; second, claim for damages which involved only the Hanmers and appellant, and was remanded for trial on that issue.

On August 20, 1941, Charles F. Hanmer died, and proper proceedings were had in the Probate Court of Lemhi County appointing F. W. Hanmer administrator of his estate.

The bank filed its answer disclaiming all interest in the present cause of action and property involved, the debt having been paid, and the questioned mortgage satisfied

of record, all of which is made clear by a written stipulation entered into by the attorneys for the respective parties on March 27, 1943, wherein it is recited (1) "that said defendant-respondent, American National Bank, has no interest in this appeal * * * and has filed no brief or made other appearance herein;" (2) "that said plaintiff-appellant, D. J. Sweeney, hereby waives all rights to a judgment for costs against said American National Bank, on this appeal." That is to say, all controveries between American National Bank, Sweeney, and the Hanmers had been fully determined and settled as between the parties in so far as the American National Bank is concerned, leaving matters here involved between appellant and the Hanmers, or the latter's administrator.

When the case went back with instructions to proceed on the second issue, Hanmer's administrator, joined by Mata Hanmer, widow of Charles F. Hanmer, deceased, filed a demurrer to the complaint and to the supplemental complaint reviving the action and also filed a demand, motion and affidavit for change of venue.

Appellant, on May 8, 1942, moved the court for and obtained an order overruling the demurrer to plaintiff's complaint and supplemental complaint and allowing respondents ten days in which to answer; said demurrer was overruled upon an ex parte proceeding upon the ground and for the reason that at the time of the filing of the demurrer respondents failed to file in the trial court a brief of points and authorities in support of said demurrer. No action was taken by the court upon the motion for change of venue.

On May 19, 1942, the ten days having elapsed, appellant applied to the clerk of the court for and obtained an entry of respondents' default for failure to answer. Respondents having no notice of the overruling of the demurrer or of entry of default, filed their amended answer and cross-complaint.

On March 30, 1942, said motion for change of venue was renewed upon the following grounds, to-wit: (1) that the county designated in the complaint is not the proper county in which the action should be instituted; (2) that these defendants are now, and were at the commencement of this action, bona fide residents of Lemhi County; (3) that the convenience of witnesses and the ends of justice would be promoted by the change; said motion was based upon the pleadings, papers, records and files in the action. On March

30, 1942, administrator Hanmer and Mata Hanmer filed an affidavit in support of their motion for change of venue.

On June 26, 1942, on motion of the administrator and Mata Hanmer, the trial court set aside the default and vacated the order overruling the demurrer. On August 7, 1942, the motion for change of venue was granted. This appeal is from that part of the order of June 26, 1942, setting aside the default and from that order of August 7, 1942, granting the change of venue for trial of the remaining issue only between appellant and respondents.

During the pendency of the present appeal, Mata Hanmer, widow of Charles F. Hanmer, died; by stipulation of counsel in open court, F. W. Hanmer was substituted as administrator, to represent Mata Hanmer, deceased. The title of the action will be amended in this respect.

■■■■ Directing our attention to the first assignment of error, namely, that the court erred in setting aside the default of the Hanmers, Sec. 11-201, I. C. A. enumerates appealable orders. An order vacating a default is not included. This court has no jurisdiction of separate appeals from non-appealable orders made before entry of final judgment. (*Aumock v. Kilborn*, 52 Ida. 438-439, 16 P. (2d) 975.)

In *Omaha Str. Steel Works v. Lemon*, 30 Ida. 363, 164 P. 1011, it is held:

"An order made by the District Court, setting aside a default entered by the clerk of said court under the provisions of subd. 1, Sec. 4360, Rev. Codes, (now Sec. 7-801, I. C. A.) and granting leave to the defendant to answer or otherwise plead, is not an appealable order under the provisions of Sec. 4807, Rev. Codes." (Now Sec. 11-201, I. C. A.)

(*Soderman v. Peterson*, 36 Ida. 414, 211 P. 448; *Maple v. Williams*, 15 Ida. 642, 98 P. 848; *Reitmer et al v. Siegmund et al.*, 13 Wash. 624, 43 P. 878; *Freeman v. Ambrose et al.*, 12 Wash. 1, 40 P. 381.)

In *Jordan v. Hutchinson et ux.*, 39 Wash. 373, 81 P. 867, in the course of that opinion, it is said:

"It is conceded that orders vacating default judgments are not appealable under the decisions of this court, but it is pointed out that a refusal to vacate a final judgment by default is appealable. It is argued that, for the same reasons which make a refusal to vacate a final judgment by default

appealable, a refusal to vacate an ordinary order of default entered before final judgment is also appealable. We think, however, that under our statute governing appeals the two cannot be classified as similar. A refusal to vacate a final judgment is a final order made after judgment, which affects a substantial right, and is appealable, under subd. 7, Sec. 6500, 2 Ballinger's Ann. Codes and St. A refusal to vacate a mere order of default is not a final order made after judgment, but is one made before judgment, and subd. 1 of the section of the statute above cited expressly provides that the appeal from the final judgment shall bring up for review any order made in the same action before judgment. The appeal from the final judgment in this case, therefore, brings up for review the refusal to vacate the order of default, and the motion to dismiss the appeal is denied."

Coming now to the second assignment of error: "that the court erred in granting the Hanmers' last motion for change of place of trial," it will be observed that the motion for change of venue is not restricted to Sec. 5-405, I. C. A., which provides:

"If the county in which the action is commenced is not the proper county for the trial thereof, the action may * * * be tried therein, unless defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county."

but is based as well on subd. 3, Sec. 5-406, I. C. A., which provides:

"When the convenience of witnesses and the ends of justice would be promoted by the change."

Conceding that under Sec. 5-405, I. C. A., where an application for a change of venue is made by the defendant because the action is not commenced in the proper county for the trial of the cause, the defendant must make such application at the commencement of the action. While this may be true as to the question of improper county, it is not true where the application for change of venue is made upon the ground of convenience of witnesses and the ends of justice. (*Barclay v. Supreme Lodge of Fraternal Brotherhood*, 34 Cal. App. 426, 167 P. 701; *Pascoe v. Baker*, 158 Cal. 232, 110 P. 815; *Mono Power Co. v. City of Los Angeles*, 33 Cal. App. 675, 166 P. 387; 25 Cal. Jur., Sec. 31, p. 890-899; *First Trust Joint Stock Land Bank v. Meredith*,

7 Cal. 2d Series, 771, 60 P. (2d) 1023; *Danielson v. Danielson*, 62 Mont. 83, 203 P. 506; *Dawson v. Dawson*, 92 Mont. 46, 10 P. (2d) 381.)

The provision of the statute for change of venue on the ground that "the county in which the action is commenced is not the proper county for the trial thereof," while expressly prohibiting the consideration of such an application for a change of venue except where made when an answer or demurrer is filed, in itself constitutes, at least by implication, permission for the filing of such an application by the defendant on any other of the grounds enumerated in Sec. 5-406, I. C. A., within a reasonable time after appearance. And what is a reasonable time must depend on attendant circumstances. (*Dawson v. Dawson*, supra, 25 Cal. Jur., Sec. 32, p. 899.) Otherwise stated, an application for change of venue, if made upon the ground of convenience of witnesses and the ends of justice, may be made within a reasonable time after appearance.

At the time of filing of the original action, the Hanmers, who were defendants, resided in Lemhi County; the principal place of business of the American National Bank was in Bonneville County, where plaintiff, Sweeney, also resided. Upon the first appeal, and, as a result thereof, the American National Bank ceased to have any interest in the subject matter, and upon this appeal has no interest, the litigation being restricted to appellant, Sweeney, and the administrator of the Hanmers.

In Big Springs Land & Livestock Co., 45 Ida. 511, 263 P. 477, it is said:

"When it develops upon the trial of a case that the resident defendant is not material defendant and the case is dismissed as against him the court is without jurisdiction to proceed with the trial over the objection of the nonresident defendant. (*Maddox v. Brooks*, 17 Ga. App. 644, 87 S. E. 911; *Barnes v. Balz*, 173 Ark. 417, 292 S. W. 391.)"

The Hanmers were bona fide residents of Lemhi County, where the administrator also resides; the property concerning which the litigation arose is located in said Lemhi County. The American National Bank having been eliminated on the first appeal, there was no longer a defendant in Bonneville County. Upon the cause going back for trial upon the single remaining issue, the administrator and Mata Hanmer filed their motion, demand and affidavit for

change of venue on the ground that the county designated in the complaint was not the proper county, and also upon the ground that the convenience of witnesses and the ends of justice would be promoted by the change. The present issue between the Hanmers and appellant has never been determined.

The trial court considered the allegations contained in the affidavit in support of the motion for change of venue, and concluded the allegations contained therein were sufficient to justify changing the place of trial of the action from Bonneville County to Lemhi County; that the convenience of witnesses, and the ends of justice demanded said change. While there is some justification in support of appellant's contention that respondents' affidavit is not as full and explicit as it should be, it will also be noted there is no counter-affidavit filed by appellant. However, it appears in the affidavit of the administrator and Mata Hanmer that the Hanmers are bona fide residents of Lemhi County; that they have stated their case to their counsel and are advised they have a good and sufficient defense; that the bank is out of the case; that Lemhi County is the place where the contract was made and to be performed; that the trial of the cause will necessitate an inspection of the building; that every item of cost of the building will be put in issue; that if the case is not transferred, depositions must be taken and the defendants will be deprived of personal attendance of witnesses; that liens have been filed and records are necessary as evidence upon the trial; that there will be many witnesses to testify to the various matters.

The order transferring the cause discloses that the change of venue was granted "on the records and files herein and the proof submitted." The "proof submitted" is in addition to the "records and files"; there is nothing in the transcript to show what that "record" or "proof" was.

Under the provisions of Sec. 5-406, subd. 3, supra, and the facts disclosed in the affidavit, and otherwise, the granting or refusing to grant a change of place of trial being addressed to the sound discretion of the trial court, the court's order granting or refusing to grant such change will not be disturbed on appeal unless there has been a clear abuse of such discretion. No abuse of such discretion is made to appear. (*Ondes v. Bunker Hill etc. Min. & Conc. Co.*, 40 Ida. 186, 232 P. 578; *Lessman v. Anschustigui,*

37 Ida. 127, 215 P. 460; *Gibbert v. Washington Water Power Co.,* 19 Ida. 637, 115 P. 924; *Spaulding v. Hoops,* 49 Ida. 289, 287 P. 947; *Finnell v. Finnell,* 59 Ida. 148, 81 P. (2d) 401.)

From what has been said, it follows, no reversible error appearing in the record, the order of the court below granting change of place of trial is sustained. Costs awarded to respondents.

Holden, C.J., Ailshie, Givens, and Dunlap, JJ., concur.