[No. 5255. Decided March 11, 1905.]

WILLIAM COLLINS, *Plaintiff,* v. GEORGE KINNEAR *et al., Respondents,* and DELIA M. HOTCHKIN, *Appellant.*[1]

JUDGMENT—VACATION—PARTIES—SUBSTITUTION BY STIPULATION. Upon a petition to vacate a judgment, a stipulation providing that certain named persons are to be considered as the real parties in interest instead of specified parties to the judgment, amounts to an agreed substitution.

APPEAL AND ERROR—PARTIES—NOTICE—DENIAL OF VACATION OF JUDGMENT. Upon an appeal from an order denying a petition to vacate a judgment, the notice of appeal need be served only upon the parties who appeared in that proceeding to contest the petition.

[1]Reported in 79 Pac. 995.

APPEAL AND ERROR—NOTICE—TIME OF FILING—SERVIC: ON UN-
NECESSARY PARTIES.  The requirement of Bal. Code, § (503, that
notice of appeal be filed within five days after service is juris-
dictional, and where the effective service upon all \ ho were
necessary parties was made in March, and the filing was not
made until June, the appeal must be dismissed, and it is im-
material that a service of the notice was made upon non-essential
parties in June within five days of the filing.

Appeal from a judgment of the superior court 1or King
county, Hatch, J., entered March 9, 1904, dismissing a
petition to vacate a judgment, upon sustaining a demurrer
thereto.  Appeal dismissed.

*James M. Epler* and *James E. Morrison,* for appellant.

*Ballinger, Ronald & Battle,* and *George E. De Steiguer,*
for respondents.

HADLEY, J.—This is an appeal from a denial o: a peti-
tion to vacate a judgment.  The judgment was rendered
in the superior court, on appeal thereto from the board of
state land commissioners.  The proceeding invo'ved the
right to purchase certain tide lands, for which th(re were
a number of applicants.  By the terms of the judgment in
the superior court, the right to purchase was awarded to
George Kinnear, W. R. Brawley, D. C. Brawl2y, and
McNaught-Collins Improvement Company, int:rvenor.
Delia M. Hotchkin, who was not a party to said proceed-
ings, either before the board of land commissione:s or in
the superior court, petitioned for the vacation of tie judg-
ment.  The petition in form complied with the statute,
and was duly verified.  In response to the summons or
notice issued thereon, the McNaught-Collins Improvement
Company, one of the beneficiaries under the original judg-
ment, appeared.  The other beneficiaries, George Finnear,
W. R. Brawley and D. C. Brawley, did not themselves ap-

pear; but a written stipulation, signed by counsel for the respective parties, was filed, and it contained the following:

"That in all matters herein relating to the petition of Delia M. Hotchkin to vacate the judgment heretofore rendered in this proceeding, the said C. B. Bussell and E. V. Bussell are to be considered as the real parties in interest instead of the respondents George Kinnear and W. R. and D. C. Brawley."

The above amounted to an agreed substitution of the two Bussells, as the real parties in interest, instead of George Kinnear and the two Brawleys. The Bussells appeared to the petition. The said appearing parties, McNaught-Collins Improvement Company and the two Bussells, demurred to the petition, on the ground that it does not state facts sufficient to entitle the petitioner to have the judgment vacated. No other parties appeared. The demurrers were sustained, and judgment was entered dismissing the petition. The petitioner has appealed.

Respondents moved to dismiss the appeal. Other grounds are urged, but we shall confine our discussion to the contention that appellant did not, within five days after the service of the notice of appeal, file with the clerk of the superior court either the original or a copy of such notice, with proof or written admission of service thereof. It appears that the notice of appeal was served upon a number who were parties in the original action, but who did not appear to the petition to vacate the judgment. The only parties who appeared to the petition were those who prevailed in the original judgment. This appearance, as we have seen, was made by one in its own behalf, and by the others through agreed substituted parties.

The notice of appeal was served upon those who ap-

peared to the petition on March 31, 1904. But the notice, with the proof of its service, was not filed in the clerk's office until June 22, 1904. Service of the notice was made upon others who were parties to the original action at the same time it was made upon those who appeared to the petition. Subsequently, on the 17th of June, service was made upon two others who were parties in the original action, but who did not appear to the petition. Five days after the last named service, the notice of appeal, with proof of its service upon the respective parties and upon the respective dates aforesaid, was filed.

Appellant argues that it is often a physical impossibility to serve all parties with notice of appeal upon the same day, and that the five-day period must begin to run from the date of the last service which constitutes the completed service, provided it is made within the statutory time for taking the appeal. Whatever force there may be in appellant's argument, when applied to a case where the parties served upon different dates are necessary parties to the appeal, still we think it does not apply to the conditions of this appeal. Under the terms of Bal. Code, § 6504, it is not required that the notice of appeal shall be served upon any except those "who have appeared in the action or proceeding." Manifestly this means those who have appeared in the proceeding wherein the judgment is rendered and from which the appeal was taken, which in this case was the proceeding to vacate the judgment. Service upon others can effect no vital purpose, and amounts to a mere nullity. Such was therefore true of the last service in this case. It follows that the only effective service was made when the parties who appeared and defended against the petition were served on March 31. The notice, with proof of its service, was not filed until

eighty-two days after that time. Bal. Code, § 6503, requires that the notice of appeal, or a copy thereof, with proof of its service, shall be filed with the clerk of the superior court within five days after its service. It has been frequently held that this requirement is jurisdictional. *Puckett v. Moody,* 17 Wash. 609, 50 Pac. 494; *Hibbard v. Delanty,* 20 Wash. 539, 56 Pac. 34; *Van Dusen v. Kelleher,* 20 Wash. 716, 56 Pac. 35; *Best v. Best,* 22 Wash. 695, 60 Pac. 58.

In view of the foregoing, it is unnecessary to discuss other points urged against the sufficiency of the notice and the appeal bond. The appeal is dismissed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.