[No. 6521.   Decided March 19, 1907.]

DELIA M. HOTCHKIN, *Appellant*, v. C. B. BUSSELL *et al.*, *Respondents*.[1]

JUDGMENTS — VACATION — DEATH OF PARTY — RIGHT TO RELIEF. Where H., having an interest in tide lands, contracted with C. to obtain the title from the state, and C. took an appeal from the decision of the board of land commissioners awarding the property to other parties, but died pending final judgment on the appeal, which judgment recited the fact of C.'s death and that his heirs at law, who also had since died, had conveyed their interests to others, to whom the decree then awarded the property, H. cannot sustain an action by her to set aside the judgment as in fraud of her right, by allegations that parties to the action were dead before entry of the judgment, and that their interests had not been represented by an executor or administrator or other legal representative; since the death of a party does not render the judgment void or subject to collateral attack, but only voidable on timely motion; and since the decree was not rendered in a strictly adversary proceeding, nor by the court of

[1] Reported in 89 Pac. 183.

original jurisdiction, but was an appellate decree, the vacation of which would only reinstate the appeal and not necessarily benefit the plaintiff.

SAME—TRUSTS—CONVEYANCE BY TRUSTEE. In such a case, the assignment by the heirs at law of C. passed his preference right to purchase the tide lands, without the appointment of an administrator, and was properly recognized by the court in entering the decree, which was conclusive of the fact that the right passed by the assignment; and the recourse of H., if C. was acting as her trustee, must be against the other parties to the proceeding, for an accounting, the decree being valid although the trusteeship continues.

SAME—PLEADING. In such a case, an allegation that a different decree would have been rendered, had C. been alive or had an administrator been substituted, is an expression of opinion and not an allegation of fact.

Appeal from a judgment of the superior court for King county, Frater, J., entered July 3, 1906, upon sustaining a demurrer to the complaint, dismissing an action to set aside a judgment determining the preference rights of conflicting claimants to purchase tide lands. Affirmed.

*James M. Epler,* for appellant.

*Ballinger, Ronald, Battle & Tennant, Pierre P. Ferry,* and *George E. de Steiguer,* for respondents.

FULLERTON, J.—The appellant instituted this action to set aside a judgment entered in the superior court of King county on an appeal from a decision of the board of state land commissioners determining which of several applicants had the right to purchase certain tide lands belonging to the state. A general demurrer was interposed and sustained to her complaint, whereupon she elected to stand thereon. Judgment of dismissal was thereupon entered against her, from which she appeals. The ultimate question to be determined on the appeal, therefore, is, does the complaint state facts sufficient to constitute a cause of action.

In substance it was alleged in the complaint, that the appellant had a valid and subsisting interest in and to blocks

404 and 405, of the tide lands lying in front of the city of Seattle; that on April 20, 1895, she entered into a contract with one William Collins and one W. P. Trimble, in which it was agreed that the appellant and Collins should retain the said Trimble as their attorney to obtain title for them to said tide lands from the state of Washington; that in consideration thereof, Trimble agreed to act as their attorney and obtain the land from the state of Washington, if possible, for which service he was to receive an undivided one-fourth interest in and to all lands he should so obtain; that it was further agreed that the costs should be met by Collins paying one-half thereof and Trimble and the appellant one-fourth each; that the application for the lands was to be made in the name of Collins; that Collins recognized the right of the appellant to a one-fourth interest in the land, and agreed for himself and his heirs and assigns that, on receipt of a certificate of purchase for the lands, he would convey a one-fourth interest therein to the appellant, and a one-fourth interest therein to W. P. Trimble.

It is then alleged that the tide lands mentioned in the contract are a part and parcel of the lands involved in a certain judgment rendered by the superior court of King county on July 27, 1903, on an appeal by William Collins and others from an order and judgment of the board of state land commissioners awarding certain persons the preference right to purchase the lands. The decree was then set out in full. The decree recited that the persons who had applied to purchase the tide lands were George Kinnear, W. R. and D. C. Brawley, William Collins, Leary-Collins Land Co., Philadelphia Mortgage and Trust Co., Merchants National Bank; and Washington Dredging & Improvement Company whose appeal had been dismissed; that the persons appealing were, George Kinnear, W. R. and D. C. Brawley, William Collins, and the Leary-Collins Land Co.; that one of the applicants, the Merchants National Bank, had theretofore sold and assigned all of its rights in and to the tide

lands in question to the Elliott Bay Tide Land Co.; that said George Kinnear, W. R. and D. C. Brawley, Leary-Collins Land Co., Elliott Bay Tide Land Co., and the heirs at law of William Collins, who was then dead, had sold and assigned to the intervener, McNaught-Collins Improvement Co., all of their respective rights and interests to a certain described portion of block 404; and that said Leary-Collins Land Co., Elliott Bay Tide Land Co., and McNaught-Collins Improvement Co., had sold and assigned to George Kinnear, W. R. and D. C. Brawley, all their right, title and interests in and to certain described portions of block 405; and that the several grantees and grantors were the owners of the upland on which the tide lands described abutted, and had a preference right to purchase the same, and were the first applicants for the purchase thereof. The decree then proceeds to award the blocks in certain proportions to the parties named.

The complaint then alleged that, before the decree was entered, both William Collins and D. C. Brawley had departed this life, and that no administrator, representative, or successor had been substituted in the proceedings to represent their interests; and that before entering the judgment and after the death of Collins, parties to the proceeding had solicited the appellant to "dispose of her interests in the case and sell the same for a consideration of some few hundred dollars, and that she had refused to compromise the litigation on the terms proposed."

It was further alleged that the decree was taken without notice to the appellant of the time of its taking, or of its terms; that the taking of the decree was in violation of her contract with Collins, and that had he been living, or had an administrator been substituted for him, the decree would not have been signed; that the respondents all had notice, both actual and constructive, of her claim of a preference right to purchase the tide lands in question, and that the contract between herself and Collins and Trimble was duly recorded;

and that the defendants and Trimble have by said decree attempted to fraudulently deprive her of her rights.

The prayer is that the judgment be held and declared to be null and void, and set aside as a cloud upon the title of the appellant to the tide lands described in the contract set out in the complaint.

The appellant contends that the facts alleged in the complaint show that the judgment of the superior court is void, or at least voidable, and that in either event she is entitled to have the same vacated and set aside as adversely affecting her interests in the tide-land property. The principal allegation relied upon to sustain this contention is the allegation that two of the parties to the proceeding were dead at the time the decree was rendered, and their interests were not represented by an executor, administrator, or other legal representative. But we do not think this fact alone sufficient to avoid the decree. In an adversary proceeding where one party seeks to recover directly from another, a judgment or decree rendered after the death of one of the parties does not render it void or subject it to collateral attack; at most it is only voidable, and to vacate it or set it aside it must be attacked within the time and in the manner provided by the statute for setting aside voidable and erroneous decrees. If, therefore, this were a decree in an adversary proceeding in the strictest sense, rendered in a court of original jurisdiction, we think it could well be doubted whether the allegations of the complaint show a sufficient interest in the plaintiff, or such timely action on her part, as would entitle her to the relief she demands. But the proceeding was not adversary in the sense that one of the parties sought to recover the land from another, nor was the decree rendered in a proceeding over which the court had original jurisdiction. On the contrary, the sole dispute between the parties was over the question as to which of them had the preference right to purchase the land from the state of Washington. Primarily this was a question for the state land department to decide, and the juris-

diction of the superior court was wholly appellate. And since its jurisdiction was appellate, the vacation of its decree would not necessarily benefit the appellant. It would do this only in case the judgment of the court of original jurisdiction was in appellant's favor, and was changed by the decree of the appellate court. This follows from the fact that setting aside the appellate decree would not reinstate the appeal, but would only relegate the right of the parties to the judgment of the court of original jurisdiction. But there is no allegation in the complaint that the appellant's rights are any different under the decree of the appellate court than they were under the decree of the court of original jurisdiction, and it will not be presumed they were in aid of the complaint. In so far as the allegations of the complaint are concerned, therefore, it does not appear that the appellant has any such interest in the decree of the court she attacks as will permit her to maintain a suit for its vacation.

But the judgment of the court below can be sustained on other grounds. A claim of preference right of purchase is one that can be abandoned at any time by the claimant. So he may assign his claim and confer upon his assignee all the right he has in the premises. On his death his right will descend to his heirs and legal representatives, as other property rights descend; and the heirs and legal representatives to whom the right descends may convey that right to another. And in this case, when the heirs of William Collins sold and assigned such right as their ancestor had to purchase these lands to other claimants, they passed that right to them, and it was proper for the superior court in entering its decree to recognize the assignment. Nor was it necessary that some personal representative of the deceased be made a party to the proceedings in order to give validity to a decree recognizing and acting upon the assignment. The question whether the right passed by the assignment was one of fact, and inasmuch as the court found the fact, it is conclusive upon any other tribunal that has no power to review the fact. The rule

is not changed because Collins was acting in part as trustee for the appellant. On the face of the record, he was acting in his own interest and right, and the court was not bound to make any further inquiry. If the other parties to the proceeding knew of the relationship, it would not avoid the decree, although it might obligate them to account to the appellant for such proportion of the property as Collins would have been obligated to account for had he been successful in sustaining his claim of a preference right of purchase. The decree is valid even though the trusteeship continues in the other parties.

Nothing is added to the complaint by the general allegations to the effect that the decree was in violation of the appellant's contract with Collins, or that, had he been alive, or had an administrator been substituted for him, a different decree would have been rendered. If the contract was violated, the appellant may be entitled to pursue the guilty parties, or those who knowingly profited by the breach of the contract, to the extent of the profit realized, but it is no ground for setting aside an otherwise valid decree; and the latter allegation is manifestly the mere expression of an opinion, not an allegation of fact.

The judgment appealed from is right, and will stand affirmed.

HADLEY, C. J., MOUNT, CROW, and DUNBAR, JJ., concur.