[No. 10086.  Department One.  February 14, 1912.]

DELIA M. HOTCHKIN, *Appellant*, v. McNAUGHT-COLLINS
IMPROVEMENT COMPANY *et al.*, *Respondents.*[1]

LIMITATION OF ACTIONS—TRUSTS—NATURE OF RELATION—TRUST
OR AGENCY—RECOVERY OF DAMAGES.  An attorney who contracted
with plaintiff and one C. to perfect the title to certain tide lands
for a one-fourth interest therein, the title to be taken in the name
of C. as trustee, does not become a co-trustee with C. and C's suc-
cessors, where the lands were sold and defendants failed to account
to plaintiff for her part of the proceeds; hence an action against the
attorney and C's successors, to recover plaintiff's share of the pro-
ceeds, is not an action to declare a trust, as far as the attorney is
concerned, but as to him, is an action at law for damages, to which
the statute of limitations applies, where it is not alleged that the
attorney received the title or any part of the proceeds which could
be impressed with a trust, his codefendant being trustee for both
parties.

PLEADING — COMPLAINT—PRAYER—ACTIONS—LEGAL OR EQUITABLE.
In an action at law to recover money, the addition of a prayer for
"such other relief as to equity may belong" does not change the
nature of the action.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered May 31, 1911, upon sustaining
a demurrer to the complaint, dismissing as to one of the
defendants an action for damages.  Affirmed.

*Jas. M. Epler*, for appellant.

*Peters & Powell*, for respondent Trimble.

*Ballinger, Battle, Hulbert & Shorts*, and *George E.
de Steiguer*, for respondents McNaught-Collins Improve-
ment Company *et al.*

CHADWICK, J.—On April 20, 1895, plaintiff and one Wil-
liam Collins entered into a contract with defendant William P.
Trimble, in which Trimble bound himself, in consideration
of a one-fourth interest therein, to perfect the title to certain
tide lands near the west channel of the Duwamish river, which

[1]Reported in 121 Pac. 455.

plaintiff and Collins claimed the right to purchase under the land laws of the state. It was further agreed that the application to purchase should be made in the name of Collins, and that when title was perfected he would retain a half interest and convey an undivided one-fourth to plaintiff. It is alleged that, by virtue of the contract, Collins became a trustee for the plaintiff, and that Trimble, by becoming a party to the agreement, also became a trustee. Collins made application to purchase the land. Pending an appeal from a decision of the state board of land commissioners to the superior court of King county, he died, and it is said, that his heirs and Trimble sold and disposed of all of the interests represented by him and the preference right to purchase to the McNaught-Collins Improvement Company; that the sale was made without notice to plaintiff and without her knowledge or consent; that she received no part of the consideration paid for the tide lands at the time of the sale, nor has she since received anything for her interest in the land. Plaintiff further says that all parties had full notice of her interest, and that the McNaught-Collins Improvement Company, as well as the heirs of Collins, and Trimble and one C. B. Bussell became trustees of her interest in the lands and of the funds arising from the sale, and are liable to her for the amount and value of her interest. Within a few weeks, plaintiff learned of the sale of the land and the rendition of a decree in the superior court, in which no account was taken of her interest, if any she had, and she thereupon filed a petition to vacate the judgment. Reference to the case of *Hotchkin v. Bussell*, 46 Wash. 7, 89 Pac. 183, may be had for an account of this proceeding. The decree of the lower court in the original proceeding was entered on the 27th day of July, 1903. This action was begun on June 28, 1910. From an order sustaining the demurrer of defendant Trimble, this appeal is prosecuted.

The only question calling for present consideration is whether the statute of limitations has run against appel-

lant's right to recover the value of her interest from defendant Trimble. Appellant insists that this is an equitable action to which the statute does not apply. She bases her claim of equity upon the expression used by this court in the case above noted; that is, that "the decree is valid though the trusteeship continues in the other parties." It is insisted that this is equivalent to holding that all parties to that proceeding were trustees, and as such, they can be charged without reference to any time limit in a court of equity. Reference to that decision, as well as the complaint before us, would indicate that the "trusteeship" there referred to is the trusteeship in Collins; or, he being dead, that which would follow in his heirs or personal representatives or those taking title with knowledge of plaintiff's claims.

It is doubtful whether Trimble, who engaged only to conduct the proceedings and who never undertook to, and so far as this record shows, never did, take title in his own name, could be charged as a trustee. If he violated his agreement, it would seem that appellant's remedy would be at law in an action for damages, and as we read the complaint it is an action for damages as against him. It is not alleged that he ever had a preference right to purchase, and therefore he could not convey it. He never agreed to, and so far as the complaint shows, never took title or the proceeds of any sale so as to change his relation of agency to that of trustee. If, as an attorney having appellant's alleged interest in the land in charge, he, either by inadvertence or design, permitted a decree to be entered which deprived appellant of a lawful right, he would not thereby be changed from a *co-cestui que trust* with appellant to a co-trustee with the heirs of Collins. Collins was, by the terms of his contract, a trustee for both appellant and Trimble. As will be seen by reference to the complaint, appellant is seeking damages which she says are, "such sum of money as the testimony upon the hearing of this action may show her interest in said lands to be worth." The further demand,

"and for such other and further relief as to equity may belong," adds nothing, nor can it convert an action otherwise legal into a suit in equity. The character of an action must be measured by the allegations of the complaint, and this, taken by its four corners, is a ratification of Trimble's conduct, and a prayer for the value of her interest in the land to be paid in money. The only way to hold Trimble as a trustee would be to show that he had title to the property or had received the proceeds of a sale thereof. The complaint shows neither. It affirmatively alleges that the title is in another, and goes no further than to allege that Trimble and others are trustees of the funds arising from said sale. It is nowhere alleged that the land was sold for a consideration in money, or that Trimble ever received any funds or other property which would be subject to the impressment of a trust.

We are so fixed in our opinion that as to Trimble this is a law action and barred by the statute of limitations, that we shall not enter into a discussion of the application of the statute of limitations to suits in equity, reserving that very interesting question, as well as a review of our own decisions upon the subject, for consideration in some case where it is germane to the issue. We make no ruling as to the character of the action, as applied to the other parties defendant.

Judgment affirmed.

DUNBAR, C. J., GOSE, CROW, and PARKER, JJ., concur.