[No. 14262.    Department Two.    May 7, 1918.]

A. L. HOTCHKIN, *Administrator etc., Appellant,* v.
McNAUGHT-COLLINS IMPROVEMENT COMPANY
*et al., Respondents.*[1]

LIMITATION OF ACTIONS — STATUTES — APPLICATION TO EQUITY. Under Rem. Code, § 153, abolishing all distinctions between actions at law and equity by providing a single form of action, and Id., § 155, providing that actions can only be commenced within the periods prescribed after the cause accrues, and Id., §§ 156, 157, 159, and 165, providing limitations for actions for the recovery of real estate, on contract, in writing and not in writing, and for fraud, and for relief not thereinbefore provided for, the statute of limitations will be applied by courts of equity as it would be applied at law, except as between the trustee and *cestui que trust* of a direct, express, continuing trust in the exclusive jurisdiction of a court of equity, in which case the statute does not run as long as the trust subsists.

TRUSTS—EXPRESS TRUSTS—ACTIONS—LIEN—LIMITATIONS. Where the trustees of an express continuing trust asserted adverse claims for more than two years and made the same known to the *cestui que trust* who then elected her remedy and litigated her claims to final judgment without asserting the proper equitable remedy to enforce the trust, an action therefor is barred by the statute of limitations.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 5, 1916, upon sustaining a demurrer to the complaint, dismissing an action for equitable relief. Affirmed.

[1]Reported in 172 Pac. 864.

*James M. Epler,* for appellant.

*Ballinger, Battle, Hulbert & Shorts,* for respondent McNaught-Collins Improvement Company.

*Peters & Powell,* for respondent Trimble.

HOLCOMB, J.—In this case appellant, in his brief, makes a comprehensive statement that the action is brought by him as administrator of the estate of his deceased wife, in whose lifetime the action, substantially as here presented, was before this court three times; and in the case as now presented the appellant has, in his complaint, attempted to avoid the errors upon which the decisions were rendered against the appellant in the several cases referred to, *Collins v. Kinnear,* 37 Wash. 453, 79 Pac. 995; *Hotchkin v. Bussell,* 46 Wash. 7, 89 Pac. 183, and *Hotchkin v. McNaught-Collins Imp. Co.,* 67 Wash. 206, 121 Pac. 455. For the sake of brevity, a quality increasingly to be desired in judicial opinions, those cases are referred to for the history and issues involved in the former cases as well as in this. As will be seen by reference to the former cases, the litigation has been pending in various forms since as early as 1903. On July 27, 1903, Mrs. Hotchkin, then living, filed her petition or motion to vacate the judgment in the first case, wherein judgment was rendered in favor of McNaught-Collins Improvement Company in the superior court on appeal from the board of state land commissioners. The motion was denied. Appeal was taken to this court and decided in *Collins v. Kinnear,* 37 Wash. 453, 79 Pac. 995, dismissing the appeal because of failure to properly prosecute it. As shown in the present complaint, she then, on about May 4, 1905, filed a complaint again praying the superior court to vacate and annul the decree entered in the previous matter, which complaint being dismissed, she again appealed to this court. That

case is decided and reported in *Hotchkin v. Bussell,* 46 Wash. 7, 89 Pac. 183. In that case, as in this, she alleged that the decree taken in the original proceeding was taken without notice to her and was in violation of a contract with Collins, and that respondents had notice, actual and constructive, of her preference right to purchase the lands in question. Upon the decision of that case, Mrs. Hotchkin commenced another action against these respondents and one Trimble which, being decided against her, was appealed to this court and is reported in *Hotchkin v. McNaught-Collins Imp. Co.,* 67 Wash. 206, 121 Pac. 455, and after the decision by this court, the court below dismissed the action as to all the other defendants in the case.

These former cases are mentioned and referred to in the complaint in the present case, and for the purpose of avoiding recurrence of certain deficiencies pointed out in the complaint before the court in 67 Wash. 206, 121 Pac. 455, the present complaint contains an allegation that the former decree was rendered by agreement of all parties to the proceeding who or which were in court, and was rendered, as plaintiff is informed, simply upon such agreement and without the rights of the several parties being shown by testimony, and that defendant Trimble and the heirs of Collins, acting for themselves and for Mrs. Hotchkin, deceased, joined in the agreement for and in consideration of the money paid to them by the McNaught-Collins Improvement Company for the preference right to purchase the tide lands claimed by Collins and Mrs. Hotchkin. A further allegation is included in this complaint that the motion upon which the decision of the supreme court sustaining the decision of the superior court in dismissing the case as to Trimble only, on the ground that the complaint did not show that Trimble shared in the proceeds of the sale of Mrs. Hotchkin's prefer-

ence right to purchase, in no way affected the other defendants, and that the order dismissing that action as to the other defendants was without any proper reason and decided nothing. In the case reported in 67 Wash. 206, 121 Pac. 455, and in this case, the prayer of the complaint is that defendants, and each of them, be adjudged to pay the plaintiff such sum of money as the testimony upon the hearing of the action may show Mrs. Hotchkin's interest in said lands to be worth, and for such other and further relief as to equity may belong. In that case it was decided that, notwithstanding the prayer of the complaint, the action as to Trimble was strictly a law action for money relief only. It was then vigorously contended that the action was an equity action and should be considered upon that basis. It is now vigorously contended that this action is purely of equitable cognizance for the enforcement of a trust against the respondents, as to which the statute of limitations does not apply, and also as to which it is claimed there was no adjudication in any of the former cases.

One of the grounds of demurrer in the instant case, upon which the court sustained the demurrer and dismissed the action, is that the action is barred by the statute of limitations. Appellant insists that it is a general and well defined principle of law that, when the demand is purely an equitable one—in other words, is one cognizable only in a court of equity—the statute of limitations does not apply, and in such cases courts do not recognize, and are not controlled by, the period of limitations fixed by statute; citing *Depue v. Miller*, 65 W. Va. 120, 64 S. E. 740, 23 L. R. A. (N. S.) 775; *Newberger v. Wells*, 51 W. Va. 624, 42 S. E. 625; *German v. Heath*, 139 Iowa 52, 116 N. W. 1051, and many other authorities to the effect that equity applies its own limitation.

In this state, by Rem. Code, § 153, it is provided that, "There shall be in this state hereafter but one form of action for the enforcement or protection of private rights and redress of private wrongs, which shall be called a civil action." Thus, as in the code states generally, all distinctions between actions at law and actions in equity are abolished.

It is the policy of the law in this state, as manifested by numerous legislative enactments, that periods shall be established when any claim or demand for the enforcement of any kind of rights shall be deemed too stale for enforcement. These statutes of limitation are not regarded with disfavor, being considered statutes of repose. By Rem. Code, § 155, it is provided that, "Actions can only be commenced within the periods herein prescribed after the cause of action shall have accrued, except when in special cases a different limitation is prescribed by statute." This section is general and applies to any form of civil action, legal or equitable. Section 156, Rem. Code, provides that actions for the recovery of real property, or for the recovery of possession thereof, shall be commenced within ten years from the accrual of the cause of action. Section 157, Rem. Code, provides that actions upon any judgment or decree of any court of the United States, or of any state or territory, and actions upon a contract in writing, or liability, express or implied, arising out of a written agreement, shall be commenced within six years from the accrual of the cause of action. Section 159, Rem. Code, provides that actions upon a contract or liability, express or implied, which is not in writing and does not arise out of any written instrument, and actions for relief upon the ground of fraud, which shall be deemed to have accrued upon the discovery by the aggrieved party of the facts constituting the fraud, shall be commenced within

three years after the accrual of the cause of action. Section 165, Rem. Code, provides that actions for relief not thereinbefore provided for shall be commenced within two years after the cause of action shall have accrued. These and other statutory provisions limiting the period within which actions shall be prosecuted are manifestly intended to cover any and every form of action maintainable, either in law or equity.

The applicability of statutes of limitation to equitable proceedings appears to be unquestioned in those jurisdictions in which distinctions between legal and equitable remedies have been abolished. 17 R. C. L. 736; *Patterson v. Hewitt,* 195 U. S. 309; *Munson v. Hallowell,* 26 Tex. 475, 84 Am. Dec. 582.

Courts of equity in cases of concurrent jurisdiction consider themselves bound by the statutes of limitation which govern courts of law in like cases, and this is rather in obedience to the statute than by analogy. Hence, if the statute would bar an action at law, it will be equally a bar in equity, the mode of relief making no difference. Courts of equity apply the statute as it would have been applied at law, and give to the statute the same effect and operation in one court as in the other. The periods prescribed by the statute are recognized in such cases as imposing a limitation on the cause of action itself, and not merely on the court in which it may be prosecuted. 17 R. C. L. 736, 737.

In the above authority an exception is stated where the relationship between the parties is that of trustee and *cestui que trust.* The statute of limitations will not necessarily apply although the remedies at law and in equity are concurrent. See, also, 25 Cyc. 1056, 1058. This exception is upon the principle that, in the case of a technical, or, in other words, direct, express, continuing trust, such as is exclusively within the juris-

diction of a court of equity, the general rule is that the statute of limitations does not run between trustee and *cestui que trust* as long as the trust subsists, for the possession of the trustee is the possession of the *cestui que trust,* and the trustee holds according to his title. In order to set the statute in motion in favor of. the trustee, the trust must terminate, as by its own limitations or by settlement of the parties, or there must be a repudiation of the trust by the trustee and an assertion of an adverse claim by him, and the fact made known to the *cestui que trust.* 25 Cyc. 1150. This exception also is subject to the qualification that the *cestui que trust* may be barred of his remedy through laches or such a lapse of time as will give rise to a presumption of discharge or extinguishment of the trust. 25 Cyc. 1151.

In the present case, as shown by the history of the litigation between these parties, running through the reports covering the same heretofore, there can be no doubt that the exception with regard to an express continuing trust cannot apply in favor of appellant for the reason that it has been established that those whom Mrs. Hotchkin claimed to be her trustees of an express, continuing trust asserted their adverse claims as long ago as 1903, and the fact was made known to the *cestui que trust,* who thereupon began to assert her claims against them. She chose and elected her remedy at that time and litigated her claims to decisive and final judgments. If she did not assert the proper equitable remedy to enforce a trust it was her fault and her laches. Under any consideration of the case, assuming it to be one of purely equitable nature, under our statute and conceding the exception noted by the authorities cited, the action is barred by limitations as well as by laches.

This conclusion determining the case, the other questions are unnecessary to mention. The judgment is affirmed.

ELLIS, C. J., and MOUNT, J., concur.